**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLIUR RAHMAN RUBEL, | No. 17-72969 |
| Petitioner, | Agency No. A206-908-946 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and STATON,[**] District
Judge.

Oliur Rahman Rubel petitions for review of a decision of the Board of

Immigration Appeals (BIA) denying his application for asylum and withholding of

removal.

In relevant part, Rubel argues: (1) any perceived inconsistencies in his

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Josephine L. Staton, United States District Judge for
the Central District of California, sitting by designation.

testimony forming the basis of the adverse credibility determination by the Immigration Judge (IJ) were the result of translation problems; (2) the BIA erred in finding that Rubel failed to establish either past or a well-founded fear of future persecution; and (3) the BIA erred by failing to consider additional evidence Rubel submitted on appeal.

We have jurisdiction under 8 U.S.C. § 1252, and grant the petition in part, deny it in part, and remand to the BIA for further proceedings.

1.      The IJ's adverse credibility determination was based on discrepancies in Rubel's testimony "regarding how members of the Awami League threatened him"—specifically, the manner and nature of the threatening phone calls Rubel received. Rubel argues any perceived inconsistencies were the product of translation difficulties.

"A competent translation is fundamental to a full and fair hearing," and "faulty or unreliable translations can undermine the evidence on which an adverse credibility determination is based." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) (citations omitted). The record reveals that translation problems plagued Rubel's hearing, and those problems contributed to the inconsistencies found by the IJ and BIA. For example, the BIA concluded that Rubel "testified that [the Awami League] called his mobile phone, but eventually stopped calling that number even though it did not change and instead called his mother's home asking for his whereabouts."

But Rubel never testified that: (1) the Awami League stopped calling his mobile phone; (2) the Awami League called his mother *instead* of his mobile phone (as opposed to *in addition to* his mobile phone); or (3) the Awami League called Rubel's uncle's home phone, as opposed to calling Rubel on his mobile phone while he was physically present at his uncle's home.

Rather than being clear, Rubel's testimony created ambiguity about these issues. And, "unclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony." *Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004). Rubel was not provided an opportunity to clarify the ambiguity created by the low-quality translation.

On this record—and at least for the reasons relied on by the BIA—the IJ's adverse credibility finding is not supported by substantial evidence. *See Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir. 2000) (per curiam).[1]

---

[1] The government argues Rubel's claim regarding translation difficulties is unexhausted. But, a claim can be exhausted if the BIA is put "on notice" of it, even if the notice is "inartful." *Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014). Here, Rubel argued before the BIA that the IJ ignored "cultural differences," including "speak[ing] a foreign language," that may have contributed to the adverse credibility determination. This was sufficient to put the BIA on notice that translation problems contributed to the IJ's adverse credibility finding.

**2.**     The BIA's alternative finding—that, assuming the credibility of Rubel's testimony, he failed to establish a well-founded fear of persecution—was not supported by substantial evidence.

Rubel testified that, because of his political affiliation with the Bangladesh Nationalist Party, he received between ten and fifteen death threats from members of the Awami League, his brother was beaten by members of the Awami League because of Rubel's political work, and Rubel's cousin was murdered because of his work for the BNP. If Rubel's testimony was credible, his testimony would be sufficient to establish a well-founded fear of future persecution. *See Navas v. INS*, 217 F.3d 646, 657-58 (9th Cir. 2000).[2]

**3.**     The BIA did not abuse its discretion by failing to consider the evidence Rubel submitted for the first time on appeal. The BIA appropriately construed Rubel's motion as a motion to remand and evaluated whether the evidence was

---

[2] The government argues that Rubel failed to exhaust this argument and that he waived the argument by not raising it in his opening brief. The BIA determined that, assuming the credibility of Rubel's testimony, he failed to establish a fear of future persecution. Because the BIA addressed the issue, it was exhausted. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). As to waiver, Rubel's opening brief argued that "the IJ erred in concluding . . . the Petitioner . . . does not have [a] well-founded fear of future persecution," relying, at least in part, on the threats Rubel received, the beating of his brother, and the murder of his cousin. This was sufficient to preserve the claim. *See Ndom v. Ashcroft*, 384 F.3d 743, 750-51 (9th Cir. 2004), *superseded by statute on other grounds*, Real ID Act of 2005, Pub. L. No. 109–13, 119 Stat. 231, *as recognized in Parussimova v. Mukasey*, 555 F.3d 734, 739 (9th Cir. 2009).

material and previously unavailable. 8 C.F.R. § 1003.2(c)(1); *see INS v. Doherty*, 502 U.S. 314, 323 (1992); *Goel v. Gonzales*, 490 F.3d 735, 738-39 (9th Cir. 2007) (per curiam).

**PETITION GRANTED in part and DENIED in part**, **REMANDED.**

Each party shall bear its own costs.